THE ATTORNEY GENERAL.
OF TEXAS
ATTORNEY GENERAL



October 10, 1972

Hon. Ed Howard                                    Opinion No. M- 1230
Chairman, House Administration
  Committee                               Re:  Application of the two-
Texas House of Representatives                 year proviso of Article
State Capitol Building                         432, Vernon's Penal Code,
Austin, Texas  78711                           to the Texas Legislature.

Dear Mr. Howard:

        Your recent letter requesting an opinion of this office
regarding the above stated matter is quoted as follows:

        "As chairman of the Committee on House
    Administration, I would like to have an in-
    terpretation and an opinion from you to the
    following question:  'Would the employment
    of an individual related within the prohibited
    degree specified in the above referenced statute
    to a member of the Legislature be in violation
    of such statute where such individual had been
    employed by members of the Legislature in each
    session for the 2 years and/or the 2 terms of
    the Legislature immediately proceeding the
    election of the member to the Legislature
    who is related to the individual in the pro-
    hibited degree?'  Such employment of the in-
    dividual would not be by the related member,
    but by some other member of the Legislature.

        "Your answer to the above question at
    your earliest convenience would be appreciated
    so as to afford my committee the necessary
    guidelines for the selection and approval of
    the employees of the House of Representatives."

        In Attorney General's Opinion No. M-1120 (1972), this
office held that the nepotism provisions of Articles 432 and 433
of Vernon's Penal Code were applicable to the Texas Legislature.
Consequently, there is no question that the two-year limitation,

-6025-

as set forth in Article 432, would also be applicable to employees of the Legislature.  Article 432 is quoted, in part, as follows:

> ". . . provided, that nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been <u>continuously employed</u> in any such office, position, clerkship, employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibitive degree."

It is not clear from your opinion request whether the individual in question has been employed continuously by the Legislature or whether this individual just works during the time that the Legislature is actually in session, either regular session or called session.  For the purposes of this Opinion, we will assume that your request would cover both situations, so we will answer accordingly.

This office has held in the past in Attorney General's Opinions Nos. V-1080 (1950), V-1142 (1951), M-857 (1971), and M-862 (1971), that the proviso dealing with the two-year limitation concerning the nepotism law requires that the individual in question be employed continuously for the two-year period.

In our opinion, those employees of the Legislature, who only work during regular or special sessions of the Legislature, would not be continuously employed, and not covered by the two-year proviso; however, those employees of the Legislature who work the year-round would be continuously employed, and the two-year proviso in Article 432, Vernon's Penal Code, would apply to them.

### S U M M A R Y

Employees of the Texas Legislature who work year-round would be subject to the two-year

limitation in Article 432, Vernon's Penal Code. Employees who only work during regular or special sessions of the Texas Legislature would not be subject to the two-year proviso of this Article.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sam J. Jones, Jr.
Lonny Zwiener
John Grace
Austin Bray

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant